NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1465
_____

UNITED STATES OF AMERICA

v.

MICHAEL HUGHES,
Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
No. 2:17-cr-00606-002
District Judge: Honorable Cynthia M. Rufe

_____

Submitted January 28, 2021

Before: HARDIMAN, SHWARTZ, and SMITH, *Circuit Judges*

(Filed: January 31, 2022)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

Michael Hughes appeals the District Court's denial of his oral motion to proceed *pro se* for criminal sentencing. The Government rightly concedes that the District Court erred in denying Hughes's request without a colloquy. We will, accordingly, vacate Hughes's sentence and remand the matter to the District Court.[1]

\* \* \*

The Sixth Amendment right to assistance of counsel implies a right of self-representation. *United States v. Peppers*, 302 F.3d 120, 130 (3d Cir. 2002) (citing *Faretta v. California*, 422 U.S. 806, 820 (1975)). "Thus, a defendant who chooses to represent himself must be allowed to make that choice, even if it 'works ultimately to his own detriment.'" *Id.* (quoting *Faretta*, 422 U.S. at 834). This choice must, however, be voluntarily, intelligently, and competently made. *United States v. Jones*, 452 F.3d 223, 228 (3d Cir. 2006) (first quoting *Peppers*, 302 F.3d at 130–31; and then quoting *United States v. Welty*, 674 F.2d 185, 187 (3d Cir. 1982)). And the District Court's primary responsibility is to inquire into whether the choice was so made. *Id.*

At sentencing, Hughes asked that his appointed counsel be relieved. After the District Court denied that request, Hughes explicitly stated—twice—that he "would like to represent [himself]." App'x at 815a–16a. The District Court denied that request as well, telling Hughes, "You're represented by counsel today for sentencing, and we are proceeding." *Id.* at 816a. Hughes asserted that he "ha[d] the right to do so." *Id.* But the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

2

District Court abruptly admonished: "Mr. Hughes, this will not go well if you interrupt me in the middle of a sentence or otherwise. Just look at your presentence report right now." *Id.* Hughes's sentencing proceeded with counsel.

The District Court failed to conduct an inquiry into whether Hughes's assertion of his right was voluntarily, intelligently, and competently made. This was error, as Hughes argues, the Government concedes, and we recently reaffirmed in *United States v. Taylor*, 21 F.4th 94 (3d Cir. 2021). Accordingly, we will vacate Hughes's sentence and remand this matter to the District Court for further proceedings consistent with this Opinion.